CHIASSON, Judge.
Appellant, Slidell Mini-Storage, Inc., appeals the trial court’s award to Miss Carr and Mr. Tassin, appellees herein, for water damage to personal properties placed in storage units leased from Slidell Mini-Storage, Inc. We reverse.
La.C.C. art. 2695 imposes upon the lessor the obligation of indemnifying the lessee for damages suffered for vices and defects in the leased premises. However, statutes dealing with obligation and rights of lessors “. . . are not prohibitory laws which would be unalterable by contractual agreement but are simply intended to regulate the relationship between lessor and lessee when there is no contractual stipulation imposed in the lease.” General Leasing Company v. Leda Towing Company, Inc., 286 So.2d 802 (La.App. 4th Cir. 1974).
In the present case, the parties contracted that the lessor would not be responsible for damage to property caused by water. The contract entered into between the parties in part provides: “Insurance on property stored on said premises for loss caused by fire, water, theft, Acts of God, or otherwise, shall be obtained at Depositor’s option and expenses and Warehouseman shall not be responsible for any such losses, whatsoever.”
Contracts legally entered into have -the effect of law as between the parties who have formed them. La.C.C. art. 1901. Therefore, the obligation of appellant is governed by the contractual agreement and no liability for water damage can be imposed thereunder.
Even assuming arguendo that La. R.S. 9:3221[1] is applicable to damaged property as well as personal injuries, we find no evidence in the record supportive of a finding that appellant knew or should have known of the alleged defect.
At the time of the incident leading to this case, Slidell Mini-Storage had been in business for over a year without similar complaints. Nor had appellant received infor *69 mation which might lead it to believe that the doors would allow water seepage.
Under these circumstances, we conclude that appellant is not liable for the water damage to appellees’ property.
The judgment of the trial court is reversed and judgment is rendered herein in favor of Slidell Mini-Storage, Inc. dismissing plaintiffs-appellees’ suit against it. Costs are to be divided equally between Miss Carr and Mr. Tassin.
REVERSED AND RENDERED.

. La.R.S. 9:3221 provides:
“The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.”